IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

RICHARD LYNN DOPP,                          )
                                            )
                    Petitioner,             )
                                            )
vs.                                         )          Case No. 02-CV-616-JHP-PJC
                                            )
RON WARD, Director, Oklahoma                )
Department of Corrections,                  )
                                            )
                    Respondent.             )

**ORDER**

Before the Court is Petitioner's 28 U.S.C. § 2254 habeas corpus petition, as amended, briefed and supplemented. (Dkt. #s 1, 3, 4, 23, 24 ). Petitioner is in custody of the Oklahoma Department of Corrections and appears in this matter represented by counsel, William D. Lunn. Respondent has filed a response to the petition (Dkt. # 33) and has provided the state court record (Dkt. # 34) necessary for consideration of Petitioner's claims.  Petitioner has filed a reply, as supplemented, to Respondent's response (Dkt. #s 37, 38, 43).  For the reasons discussed below, the Court finds that the petition should be denied.

*BACKGROUND*

Petitioner was convicted by a jury of Trafficking in Marihuana (Count I), Maintaining a Residence Resorted to by Users (Count III), and Felon in Possession of a Firearm (Count V), all after former conviction of two or more felonies, in Ottawa County District Court, Case No. CF-96-265 (see Dkt. # 33, Ex. D).  Petitioner was represented by attorney C. Rabon Martin at trial. Upon the jury's recommendation, the trial court sentenced Petitioner to life without parole on Count I, and ten (10) years each on Counts III and V, to be served concurrently. (Id.).  The facts of the crimes are recounted in the opinion of the Oklahoma Court of Criminal Appeals:

>On May 8, 1996, Jose Flores was stopped by the Oklahoma Highway
>Patrol for a vehicle violation.  Upon search, approximately sixty-six
>pounds of marijuana were discovered. Flores agreed to assist law
>enforcement and told them the marijuana was to be delivered to
>Dopp's residence in Ottawa County. A search warrant then issued for
>Dopp's house based upon this discovery and additional information
>offered by Flores.
>
>Flores delivered the marijuana as planned. Upon Flores' exit from
>Dopp's house, the police approached the house, identified themselves,
>and announced they had a search warrant. Hearing movement away
>from them in the house, the police forcibly entered and secured Dopp.
>The ensuing search of Dopp's house and property revealed
>approximately seventy-five (75) pounds of marijuana, $33,725.00 in
>cash, several guns, and a large number of small cultivated marijuana
>plants in a back yard watering trough.

(Dkt. # 33, Ex. G at 2).

Petitioner appealed his conviction and sentences to the Oklahoma Court of Criminal Appeals

("OCCA").  On appeal, Petitioner was again represented by C. Rabon Martin. He raised four (4)

propositions of error as follows:

Proposition I:          Title 63 O.S. § 2-415. Trafficking in Controlled Drugs, is
                        Unconstitutional.

                        A. The trafficking statute incorporates an unrebuttable presumption
                        of mens rea.
                        B. Appellant's sentence of life imprisonment without parole violates
                        the Eighth and Fourteenth Amendments to the United States
                        Constitution and Article II § 9 of the Oklahoma Constitution.

Proposition II:         The trial court failed to instruct on appropriate lesser included
                        offenses.

                        A. Possession of marijuana with intent to distribute.
                        B. Simple possession.

Proposition III:        The search of Appellant's residence was conducted in violation of
                        statutory and constitutional law and its fruits should have been
                        suppressed.

> A. The search warrant was an illegal general warrant.
> B. Manner of service as a general search warrant.
> C. The search warrant was served in an unlawful manner.

Proposition IV:       The trial court failed to properly poll the jury.

(Dkt. # 33, Ex. E). On March 30, 2000, the OCCA affirmed Petitioner's convictions and sentences

in an unpublished opinion. (Dkt. # 33, Ex. G). Petitioner filed an application for rehearing which was

also denied by the OCCA.(Dkt. # 14, attachments). A petition for *certiorari,* filed by Petitioner in

the United States Supreme Court, was denied on October 2, 2000. (Dkt. #16, attachment).

Petitioner, appearing *pro se*, filed an application for post-conviction relief in the trial court

on August 15, 2001. (Dkt. # 33, Ex. K). He identified the following fifteen (15) propositions of

error:

Proposition I:        Ineffective assistance of trial and appellate counsel in violation of the
United States Constitution's Sixth Amendment.

Proposition II:       Search warrant affidavit was insufficient to establish probable cause.

Proposition III:      Petitioner's motion of plea of former jeopardy, motion to dismiss, and
motion to suppress and motion to dismiss should have been granted
and all evidence suppressed as the State failed to comply to Rules of
District Court 4 (e) and Court of Criminal Appeals Rule 3.5C(b).

Proposition IV:       The continued prosecution of Petitioner was barred by former
jeopardy prohibited under the 5th Amendment of the U.S.
Constitution.

Proposition V:        The Petitioner was unlawfully arrested prior to probable cause or
evidence being obtained whereas constitutes a suppression of
evidence.

Proposition VI:       The State's Evidence should have been suppressed because search
warrant named generic term and evidence was obtained from locked
containers.

Proposition VII:      The State's evidence against Petitioner regarding firearm count
should have been suppressed.

3

Proposition VIII:    The State's evidence was insufficient to establish conviction on maintaining dwelling count.

Proposition IX:    CRF-1982-16 used as an AFC [prior conviction] to enhance all counts in CRF-96-265 was invalid as it had been discharged and expunged over ten years prior to its use as enhancer.

Proposition X:    The State has reinvited error by enhancing CRF-96-265 with unconstitutional elicited prior discharged sentences of CRF-86-43 and CRF-86-86.

Proposition XI:    Petitioner's right to effective assistance of counsel was violated because his attorney had an actual conflict of interest in representation of CRF-86-43 & CRF-86-86.

Proposition XII:    Petitioner's guilty pleas in the AFC cases were a result of involuntary and unknowing due to ineffectiveness of counsel.

Proposition XIII:    The State failed to uphold its part of the plea agreement on entering of pleas in case numbers CRF-86-43 and CRF-86-86.

Proposition XIV:    The State prosecutor withheld evidence and unlawfully elicited guilty pleas in AFC's constituting prosecutorial misconduct.

Proposition XV:    This herein case must be reversed and remanded for an evidentiary hearing and or for fact finding as it embraces matters which are outside of the trial record.

See Dkt. # 33, Ex. K. By order entered December 13, 2001, the state district court denied Petitioner's request for post-conviction relief. (Dkt. # 33, Ex. L). Petitioner appealed and, on June 19, 2002, the OCCA affirmed the denial of post-conviction relief. (Dkt. # 33, Ex. M).

Petitioner filed the instant petition for writ of habeas corpus on August 2, 2002 (Dkt. #1). In his petition, the Petitioner raises the following fifteen (15) grounds of error:

Ground I:    Oklahoma's Title 63 O.S. § 2-415. Trafficking in Controlled Drugs, is Unconstitutional Contrary to 5th and 14th Amendments.

A. The Oklahoma trafficking statute incorporates an unrebuttable presumption of mens rea.
B. Petitioner's sentence to life imprisonment without parole violates

4

the 8th and 14th Amendments to the U.S. Constitution.

Ground II:      The state trial court failed to instruct on appropriate lesser included offense and the trial court removed the State's burden of proof as to the weight element of trafficking in violation of the U.S. Constitution's 5th and 14th Amendments.

A.  The trial court unconstitutionally removed the State's burden of proof to the weight element of trafficking in violation of the U.S. Constitution.
B.  Petitioner's jury should have been instructed on the lesser included offense of possession with intent to distribute and or simple possession.

Ground III:     The search of Petitioner's residence was conducted in violation of the U.S. Constitution's 4th Amendment and its fruits should have been suppressed pursuant to the Exclusionary Rule.

A.  The search warrant was an illegal general warrant.
B.  The state officers executing the search warrant flagrantly disregarded its terms resulting in a general exporatory [sic] search violating 4th Amendment.
C.  The manner in which search warrant was served was unlawful.

Ground IV:      Petitioner's trial and appellate counsel constituted ineffective assistance of counsel in violation of the 6th amendment.

A.  Petitioner's counsel was ineffective for failing to raise meritorious claims wherein would have resulted in a remedy at relief.
B.  Petitioner's trial and appellate counsel was ineffective for failing to investigate info, and challenging the use of AFC's used as enhancement.

Ground V:       The trial court failed to give proper jury instruction in violation of the 5th and 14th Amendments equal rights and due process.

Ground VI:      A. Search warrant affidavit was insufficient to establish probable cause for issuance of search warrant.
B.  The description of the place to be searched set forth in the Affidavit compared to that of the search warrant was also insufficient.

Ground VII:     Petitioner was unlawfully arrested prior to probable cause or any evidence discovered that would support probable cause.

Ground VIII: The state's evidence should have been suppressed because search warrant named generic term and evidence was seized from opaque containers in violation of the 4th Amendment.

 A.  The state search warrant used an insufficient generic term to list items to be seized in violation of the 4th Amendment.
 B.  The state's evidence was unlawfully seized from opaque locked containers in violation of the 4th Amendment.

Ground IX: The continued prosecution of Petitioner was barred by former double jeopardy under the 5th Amendment to U.S. Constitution.

Ground X: A.  The State of Oklahoma has re-invited error to allow a collateral challenge to CRF-82-16, CRF-86-43, and CRF-86-86 by enhancing CRF-96-265 with unconstitutional AFC's.
 B.  Petitioner's AFC counsel was ineffective in violation of the U.S. Constitution's 6th Amendment.

Ground XI: Petitioner's AFC counsel was ineffective due to his actual conflict of interest in representation on the AFC's.

Ground XII: A.  Petitioner's guilty pleas in the AFC cases were involuntary and unknowing.
 B.  Petitioner's guilty pleas in the AFC cases cannot stand because he was denied effective assistance of counsel during the ten day limit for appeal.

Ground XIII: The state failed to uphold its part of the plea agreement on Petitioner entering guilty pleas to the AFC's used to enhance.

Ground XIV: The state prosecutor withheld evidence and unlawfully elicited guilty pleas in the AFC cases constituting prosecutorial impropriety and violation of due process and equal protection.

Ground XV: CRF-82-16 used to enhance on CRF-96-265 was invalid as not constituting a conviction.

(Dkt. # 1). In response to the petition, Respondent asserts that Petitioner is not entitled to habeas corpus relief because the issues raised by Petitioner are either procedurally barred, without merit, or matters of state law and not cognizable in this habeas action. (Dkt. # 33).

*ANALYSIS*

**A.      Exhaustion/Evidentiary Hearing**

Respondent states that Petitioner has satisfied the exhaustion requirement of 28 U.S.C. §2254(b) for federal habeas corpus review.   The Court agrees.   In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing.   See Michael Williams v. Taylor, 529 U.S. 420 (2000); Miller v. Champion, 161 F.3d 1249 (10th Cir. 1998).

**B.      Claims adjudicated by OCCA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.   Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001).   In this case, the OCCA adjudicated claims 1, 2, and the Fourth Amendment claims on direct appeal.   Therefore, to the extent Petitioner's claims are cognizable in a federal habeas corpus proceeding or not precluded, those claims shall be reviewed pursuant to § 2254(d).

*1. Oklahoma's trafficking statute (ground 1)*

In his first ground for relief Petitioner asserts that Oklahoma's drug trafficking statute, Okla. Stat. tit. 63, § 2-415, is unconstitutional. He argues that his rights under the Fifth, Eighth and

Fourteenth Amendments were violated because the statute incorporates an unrebuttable presumption

of *mens rea* and his sentence to life imprisonment without parole amounts to cruel and unusual

punishment. Partially relying upon its prior decision in <u>Anderson v. State</u>, 905 P.2d 231, 233 (Okla.

Crim. App. 1995), the OCCA rejected this claim in Petitioner's direct appeal proceedings.

> In Proposition I, Dopp first asserts the unconstitutionality of the "Trafficking in Controlled Drugs" statute. To Dopp, the statute includes an irrebuttable presumption of "intent to distribute" that violates Due Process and Equal Protection provisions of the United States Constitution and the Oklahoma Constitution. Dopp's arguments lack merit. Due process was not violated because there is no presumption in the trafficking statute that a defendant sold or intended to sell drugs. Regarding equal protection, the Legislature's determination that punishing individuals more severely for possessing greater amounts of a controlled dangerous substance is rationally related to a legitimate state interest.

> Dopp next argues that his sentence of life imprisonment without parole violates the Eighth and Fourteenth Amendments to the United States Constitution and Article II, § 9 of the Oklahoma Constitution. In addition to his three prior drug convictions, Dopp had approximately seventy-five pounds of marijuana, several guns, and over $33,000.00 in cash. His sentence was not excessive, disproportionate or cruel or unusual based upon the evidence.

(Dkt. # 33, Ex. G at 2-3) (footnotes and citations omitted). Section 2-415 applies to persons

convicted of violations involving possession of certain quantities of controlled substances, including

possession of marijuana in quantities of twenty-five (25) pounds or more. <u>See</u> Okla. Stat. tit. 63, §

2-415(A)(1), (B) & (C)(1)(a). As noted by the Tenth Circuit in its unpublished opinion in <u>Walker

v. Klinger</u>, No. 97-6195, 1998 WL 94602 (10th Cir. March 5, 1998)(unpublished), Oklahoma has

previously considered the same argument raised by Petitioner and concluded that § 2-415 "does not

create a presumption a defendant sold the drugs or intended to sell drugs.  Rather, the Legislature

... has defined 'trafficking' as possessing specific amounts of a controlled dangerous substance." <u>Id.</u>

(quoting <u>Anderson v. State</u>, 905 P. 2d 231, 233 (Okla. Crim. App. 1995)). The OCCA reiterated this

interpretation of § 2-415 in Petitioner's direct appeal (Dkt. # 33, Ex. G at 2-3).  This Court is bound

by the OCCA's interpretation of state law unless it violates federal law. <u>Estelle v. McGuire</u>, 502 U.S.

62, 67-8 (1991).  It is not the province of this habeas court to reexamine state court determinations

on state law questions. <u>Id.</u> Petitioner has failed to demonstrate that Oklahoma's trafficking statute

contains an unconstitutional irrebuttable presumption in violation of federal law. Accordingly, he

is not entitled to habeas corpus relief on this portion of his ground one claim.

Additionally, Petitioner argues that his sentence of life without parole violates his due

process rights and constitutes cruel and unusual punishment. As noted above, the OCCA rejected

this claim on direct appeal. It is well established that the role of a federal habeas corpus court is not

to correct errors of state law.  <u>Estelle v. McGuire</u>, 502 U.S. 62 (1991).  Petitioner's claim in this

portion of Ground One arises from the application of a state sentencing statute. His sentence of life

without the possibility of parole was within the permissible statutory range for the offense

committed. Petitioner is not entitled to habeas relief on this claim if the sentence imposed is within

the limitations set by statute. <u>See</u> <u>Vasquez v. Cooper</u>, 862 F.2d 250, 255 (10th Cir. 1988).  As a

result, any due process challenge is without merit.

Petitioner's claim of an Eighth Amendment cruel and unusual punishment violation must

also fail.  The Tenth Circuit's decision in <u>Gaines v. Hess</u>, 662 F.2d 1364, 1370 (10th Cir. 1981)

provides guidance on this issue:

> Gaines' Eighth Amendment argument is that the fifty year sentence given to him
> under Oklahoma's enhanced sentencing statute is excessive for the crime committed,
> and therefore constitutes cruel and unusual punishment. We are constrained by
> <u>Rummel v. Estelle</u>, 445 U.S. 263, 100 S. Ct. 1133, 63 L.Ed.2d 382 (1980), to hold
> that Gaines' sentence was not so excessive as to violate the Eighth Amendment. In
> Rummel, the Court indicated that "for crimes concededly classified and classifiable

> as felonies," the length of sentence is almost entirely a matter of legislative prerogative. Id. at 274, 100 S. Ct. at 1139. Rummel involved a habeas corpus petitioner who had been given a life sentence under a Texas recidivist statute that made life imprisonment the mandatory sentence for a third felony conviction. The petitioner had been previously convicted of fraudulent use of a credit card to obtain $80 worth of goods or services and of passing a forged check in the amount of $23.86. His third conviction was for obtaining $120.75 by false pretenses. The Court held that the life sentence does not constitute cruel and unusual punishment. Gaines' prior convictions are of more serious nature than in Rummel and his sentence was shorter than life. Rummel therefore defeats Gaines' Eighth Amendment argument.

Id. at 1370 (footnote omitted). Petitioner's sentence was within the range provided by Oklahoma law. Further, this Court finds that Petitioner's punishment was not grossly disproportionate to his crime. See e.g. Harmelin v. Michigan, 501 U.S. 957 (1991) (life sentence without parole is not disproportionate to the crime of possession of 672 grams of cocaine). In light of the state legislature's role in setting sentencing ranges and the Supreme Court cases regarding this issue, the Court finds that Petitioner's sentence does not violate the Eighth Amendment's guarantee against cruel and unusual punishment.

Petitioner has failed to demonstrate that the OCCA's resolution of his ground one claim warrants habeas corpus relief under § 2254(d). The Court concludes that relief on this claim should be denied.

### 2. *Lesser included offense and burden of proof issues (ground 2)*

In his second proposition of error, Petitioner argues that the trial court erred in refusing to instruct the jury on the lesser included offense of possession with intent to distribute and/or simple possession. As a part of his argument Petitioner disputes the trial judge's reasoning that he could not conclude there was less than 25 pounds of marijuana. Petitioner asserts that this was an attempt to direct a verdict on the element of the weight of marijuana and removed the State's burden of proving the weight of the marijuana found on Petitioner's premises. In rejecting Petitioner's claim on direct

appeal, the OCCA concluded that the trial court judge did not abuse his discretion in refusing to give the two lesser included offense instructions because neither instruction was warranted by the evidence. (Dkt. # 33, Ex. G at 4).

Where a habeas petitioner challenges the state trial court's refusal or failure to give a specific instruction, this Court uses a highly deferential standard of review in evaluating the alleged error. "[E]rrors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, 'unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law.'" Nguyen v. Reynolds, 131 F.3d 1340, 1357 (10th Cir. 1997) (quoting Long v. Smith, 663 F.2d 18, 23 (6th Cir.1981)); see also Maes v. Thomas, 46 F.3d 979, 984 (10th Cir.1995). Further, the burden on a petitioner attacking a state court judgment based on a refusal to give a requested jury instruction is especially great because "'[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law.'" Maes, 46 F.3d at 984 (quoting Henderson v. Kibbe, 431 U.S. 145, 155 (1977)). After reviewing the record in this case, the Court finds that Petitioner has failed to demonstrate that the trial court's refusal to give jury instructions for lesser included offenses was so fundamentally unfair as to deprive him of a fair trial and due process of law.

In addition, the Tenth Circuit Court of Appeals has held that the failure of a state court to instruct on a lesser included offense in a noncapital case never raises a federal constitutional question. Lujan v. Tansy, 2 F.3d 1031, 1036 (10th Cir. 1993). Tenth Circuit precedent establishes a rule of "automatic non-reviewability" for claims based on a state court's failure, in a non-capital case, to give a lesser included offense instruction. Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004) (stating that neither the Tenth Circuit nor the United States Supreme Court has ever

recognized a federal constitutional right to a lesser included offense instruction in non-capital cases).

For that reason alone, habeas corpus relief on Petitioner's challenge to the jury instructions should

be denied.   The Court further finds that the OCCA's decision regarding this issue was not contrary

to, or an unreasonable application of, clearly established federal law as determined by the Supreme

Court of the United States. 28 U.S.C. § 2254 (d)(1).  Accordingly, habeas relief shall be denied on

Petitioner's ground two claim that his constitutional rights were violated because the trial court failed

to give jury instructions on lesser included offenses.

### 3.  Fourth Amendment issues (grounds 3, 6, 7 and 8)

In his third, sixth, seventh and eighth claims, Petitioner asserts that his arrest was unlawful

and his conviction was based on evidence obtained as a result of an unconstitutional search and

seizure. Petitioner contends that both the search warrant and its execution were unlawful and that

as a result, the evidence from the search of his property was inadmissible because it was obtained

in violation of the Fourth Amendment.   See Dkt. #s 1, 3, 23, and 37.   These arguments have

previously been rejected by the state district court, the OCCA, this Court,[1] and the Tenth Circuit.[2]

_____

[1] See Order filed November 29, 2001, in United States District Court Case No. 96-CV-924-B, United States of America vs. 16614 Cayuga Road, Wyandotte, Ottawa County (forfeiture action filed against Petitioner's property), wherein this Court stated, "Claimant Dopp's Motion to Alter or Amend Judgment is primarily based upon Claimant's continuing argument that the search warrant in the underlying criminal case was constitutionally infirm. . . . The Court finds the Oklahoma Court of Criminal Appeals thoroughly addressed the constitutionality of the search warrant and upheld same." (Dkt. # 33, Ex. BB).

[2] See Dkt. # 33, Ex. CC at 5 "Order and Judgment" filed June 23, 2003, in Tenth Circuit Case No. 02-5059. "Next, Dopp contends the district court erred in denying his motion to suppress evidence. . . . He asserts numerous arguments, all of which are related to his contention that the evidence seized in his state search, seizure, and arrest, was discovered in violation of the Fourth Amendment. Dopp is collaterally estopped from raising these Fourth Amendment issues as a defense to the civil forfeiture action, because these same issues were fully litigated in his state criminal prosecution . . ." Id. at 5.

The Court need not belabor its discussion of Petitioner's Fourth Amendment claims because the record demonstrates that the state courts granted Petitioner a full and fair opportunity to litigate his Fourth Amendment claims.  In Stone v. Powell, 428 U.S. 465, 494 (1976), the Supreme Court held that where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at trial.  The Tenth Circuit has reiterated that a federal habeas corpus court need not address a Fourth Amendment question as long as the state court has given the petitioner a full and fair opportunity for a hearing on the issue.  Miranda v. Cooper, 967 F.2d 392, 400-01 (10th Cir. 1992); Gamble v. State, 583 F.2d 1161, 1165 (10th Cir. 1978).

Contrary to Petitioner's assertion that the state court did not provide Petitioner "full and fair consideration" of his Fourth Amendment claims (Dkt. # 37), this Court finds that Petitioner's claims were given adequate consideration by both the trial court and the OCCA. In this case, the record demonstrates that Petitioner was afforded multiple opportunities in the state courts to fully, fairly, and adequately litigate the Fourth Amendment issues in question. Two motions to suppress were filed by trial counsel before Petitioner's trial in which Petitioner's attorneys objected to the legality of the search of Petitioner's residence on May 8, 1996, and the admission of evidence obtained as a result of the search and seizure that day. See Dkt. #33, Exs. W and X. A pre-trial hearing was held on the issues in which Petitioner's counsel argued that the search warrant was invalid and that, as a result, the evidence obtained during the invalid search should be suppressed.  See Dkt. # 34, Hr'g Trans. Vol. I at 9-158.  At the conclusion of the hearing, the trial court denied Petitioner's motions. Id. at 165-68. Petitioner was clearly afforded the opportunity to raise and argue his Fourth

Amendment issues which were considered by the court, but rejected. Petitioner also raised part of his Fourth Amendment claims on direct appeal (see Dkt. # 33, Ex. E at 18-26), where he argued that the search warrant was an "illegal general warrant" and challenged the manner in which it was executed. The OCCA found that these claims lacked merit. See Dkt. # 33, Ex. G.

Based on the record cited above, the Court finds that Petitioner had a full and fair opportunity to litigate all of his Fourth Amendment claims in the state courts. As a result, this Court is precluded from considering claims 3, 6, 7 and 8 as raised in Petitioner's petition for a writ of habeas corpus based on Stone v. Powell, 428 U.S. 465, 494 (1976); see also Gamble v. State, 583 F.2d 1161, 1165 (10th Cir. 1978) (opportunity for full and fair litigation in state court under *Stone v. Powell* includes opportunity to raise Fourth Amendment claim, full and fair evidentiary hearing, and recognition and application of correct Fourth Amendment standards).

## C.      Ineffective Assistance of Counsel (ground 4)

As his fourth proposition of error, Petitioner argues that he was deprived of the effective assistance of appellate counsel "for failing to raise meritorious claims," and deprived of the effective assistance of both trial and appellate counsel for failing to investigate and challenge the AFC's used for enhancement. See Dkt. # 1 at 13-15. In rejecting Petitioner's claim of ineffective assistance of counsel as asserted in the application for post-conviction relief, the trial court found that his counsel "ably represented" Petitioner, but also noted that he had failed to raise the issue on direct appeal. The OCCA did not address the ineffective assistance of counsel claim on the merits, finding that Petitioner had waived the issue. A procedural bar for ineffective assistance of counsel claims, however, will only apply if trial and appellate counsel were different. English v. Cody, 146 F.3d 1257, 1264 (10th Cir. 1998); Brecheen v. Reynolds, 41 F.3d 1343, 1364 (10th Cir. 1994) (Oklahoma

14

procedural bar on ineffective assistance of trial counsel claims not raised on direct appeal may not be adequate to preclude federal habeas review). In the case at hand Petitioner was represented by the same counsel at trial and throughout his direct appeal proceedings. Accordingly, the state court's procedural bar will not preclude habeas review and this Court will examine the merits of Petitioner's ground four ineffective assistance of counsel claims.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court defined the two-pronged standard applicable to ineffective assistance of counsel claims: the petitioner must demonstrate that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687; Hickman v. Spears, 160 F.3d 1269, 1273 (10th Cir. 1998). To satisfy the deficient performance prong of the test, Petitioner must overcome a strong presumption that counsel's conduct fell within the "wide range of reasonable professional assistance [that] . . . might be considered sound trial strategy." Brecheen v. Reynolds, 41 F.3d 1343, 1365 (10th Cir. 1994) (citations omitted). "A claim of ineffective assistance must be reviewed from the perspective of counsel at the time and therefore may not be predicated on the distorting effects of hindsight." Id. (citations omitted). Additionally, the focus of the first prong is "not what is prudent or appropriate, but only what is constitutionally compelled." Id. To establish the prejudice prong of the test, Petitioner must show that the allegedly deficient performance prejudiced the defense; namely, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland, 466 U.S. at 694. Petitioner has the burden of demonstrating prejudice. Id. at 696. Failure to establish either prong of the Strickland standard will result in denial of relief. Id.; Hatch v. Oklahoma, 58 F.3d 1447, 1457 (10th Cir.1995).

In assessing an ineffective assistance of appellate counsel claim, the Tenth Circuit Court of

15

Appeals has held that "the relevant questions are whether appellate counsel was 'objectively unreasonable' in failing to raise these . . . claims on direct appeal and, if so, whether there is a 'reasonable probability that, but for his counsel's unreasonable failure' to raise these claims, [Petitioner] 'would have prevailed on his appeal.'" Neill v. Gibson, 278 F.3d 1044, 1057 (10th Cir. 2001).

### 1. *Failure to raise 4th Amendment claims*

Petitioner contends that attorney C. Rabon Martin was ineffective as trial and appellate counsel because Petitioner was "precluded from being afforded an opportunity to litigate his 4th Amendment claims at trial and on direct appeal." (Dkt. # 3 at 24). The Court disagrees. As discussed in section B(3) above, Petitioner was afforded ample opportunity to litigate his Fourth Amendment claims both at trial and on direct appeal. The Court finds nothing to suggest that trial counsel's performance was deficient in litigating Petitioner's Fourth Amendment claims. Further, Fourth Amendment claims were also raised on direct appeal. There was no failure to raise and litigate Fourth Amendment claims as Petitioner alleged. As a result, this claim of ineffective assistance of both trial and appellate counsel must fail.

### 2. *Failure to investigate and challenge the AFC's used for enhancement*

In the second part of his ground four claim for relief Petitioner asserts that his trial counsel was ineffective for failing to challenge the enhancement of his sentence with previous convictions. Specifically, Petitioner alleges that his trial counsel stipulated to the legitimacy of three prior convictions without Petitioner's consent. He argues that the guilty pleas given in two of the prior convictions were not "knowing and voluntary" and that he was actually innocent of the crimes to which he plead guilty. Further, he complains that it was the function of the jury to determine the

16

accuracy of the AFC's. <u>See</u> Dkt. # 3 at 27-28.

Respondent responds that certified copies of Petitioner's Judgment and Sentences were provided at trial evidencing his prior guilty pleas. (Dkt. # 33 at 24, and Exs. A & B). Respondent has also provided a copy of the plea hearing transcript from Petitioner's prior convictions reflecting examination of Petitioner by the trial judge to insure the voluntariness of Petitioner's guilty pleas. (Dkt. # 33, Ex. C). Despite Petitioner's complaint that his trial counsel stipulated to the entry of the prior convictions into evidence he fails to demonstrate how an investigation or objection by his trial counsel would have been successful or prevented the evidence of his prior convictions from being entered.  The State would have presented the certified copies of the judgment and sentences which would have been considered for enhancement purposes regardless of stipulations by counsel. <u>See e.g.</u> <u>Hooker v. Mullin</u>, 293 F.3d 1232, 1246 (10th Cir. 2002) (counsel not ineffective for stipulating to aggravators when Hooker pled guilty to prior charges).

This Court finds that counsel's decision to stipulate to the prior convictions was within the parameters of reasonable professional assistance.  <u>Brecheen v. Reynolds</u>, 41 F.3d 1343, 1365 (10th Cir. 1994). Having failed to demonstrate that trial counsel's performance was deficient, the Court need not examine the second prong of the <u>Strickland</u> standard. Further, because trial counsel's performance was not ineffective, his appellate counsel was not ineffective for failing to raise the issue of trial counsel ineffectiveness on appeal.

**D.     Procedurally Barred Claims (jury instruction, double jeopardy, and AFC issues in claims 5, 9 and 10-15)**

The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent

and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied evenhandedly "in the vast majority of cases." Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir.1991)). To determine whether a state procedural bar is an adequate and independent ground to bar federal review of a constitutional claim, this Court must apply the state's rule in effect at the time of the purported procedural default. Barnett v. Hargett, 174 F.3d 1128, 1134 (10th Cir. 1999).

In proposition 5, Petitioner alleges that his rights under the Fifth and Fourteenth Amendments were violated when the trial court failed to give proper jury instructions. Respondent responds that the issue was first raised on post-conviction and found to be procedurally barred by the state courts (Dkt. # 33 at 26).[3] In proposition 9, Petitioner claims that his Fifth Amendment rights barring double jeopardy were violated because his payment of over $5500 in towing and storage fees was punishment for the same incidents which resulted in his conviction and punishment.

---

[3] The Court has not found this specific issue in the post-conviction proceedings provided for review. However, the issue was not raised on direct appeal. The OCCA routinely applies a procedural bar to claims not presented for review on direct appeal so this Court will treat the issue as procedurally barred by the state courts. See "Order Affirming Denial of Post Conviction Relief" in OCCA Case No. PC-2002-496, "[A]ll issues previously ruled upon by this Court are res judicata, and all issues not raised in the direct appeal, which could have been raised, are waived." (Dkt. #33, Ex. M)

This issue was first raised in post-conviction proceedings and the OCCA found it to be procedurally barred. The issues relating to use of Petitioner's former convictions for enhancement raised by Petitioner in propositions 10-15 were also put forward by Petitioner for the first time in post-conviction proceedings and found to be procedurally barred.   In affirming the denial of post-conviction relief, the OCCA ruled as follows:

> With regard to propositions 9 through 15, Judge Wyatt noted that these claims all related to Petitioner's convictions in Case No. CRF-82-16 (which Petitioner claims was expunged, and therefore improperly used to enhance his current conviction) and his convictions in Case Nos. CRF-86-43 and CRF-86-86. Judge Wyatt found that the convictions were properly used to enhance Petitioner's convictions in Case No. CRF-96-265 and that the convictions in Case Nos. CRF-86-43 and CRF-86-86 were never appealed. The District Court also determined that Petitioner's post-conviction appeals of his convictions in the 1986 cases had been denied by the District Court and those denials affirmed by this Court. Judge Wyatt denied Petitioner's request for an evidentiary hearing, found Petitioner was not entitled to relief and denied Petitioner's request for post conviction relief.
>
> We agree.  The Post-Conviction Procedure Act is not a substitute for a direct appeal, nor is it intended as a means of providing a Petitioner with a second direct appeal. *Fowler v. State*, 1995 OK CR 29, ¶ 2, 896 P.2d 566, 569; *Maines v. State*, 1979 OK CR 71, ¶ 4, 597 P.2d 774.  A claim which could have been raised on direct appeal, but was not, is waived.

(Dkt. # 33, Ex. M at 2 (citations omitted)).   The state appellate court emphasized that Petitioner's claims were procedurally barred because they could have been but were not raised on direct appeal or in earlier post-conviction proceedings:

> With regard to Petitioner's claims presented at Propositions 9 through 15,[4] we find that Petitioner's arguments concerning the improper enhancement of the instant conviction could have been presented either on direct appeal or in his prior application for post conviction relief. Petitioner's application contains no sufficient explanation of his failure to raise these issues on direct appeal or in his previous applications. Moreover, a careful examination of these claims reveals that Petitioner

_____

[4] Although in slightly different order, Petitioner's claims 9-14 in his post-conviction proceeding are identical to claims 10-15 in this habeas proceeding.

> is actually seeking reversal of his convictions in these 1986 cases. Appeals of Petitioner's convictions in these cases must be filed in those cases, and will not be addressed in Petitioner's application for post conviction relief filed in a separate matter.

Id. Applying the principles of procedural default to this case, the Court concludes that Petitioner's claims in propositions 5, 9 and 10-15, related to jury instructions, double jeopardy and AFC issues are procedurally barred. The OCCA's procedural bar is an "independent" state ground because Petitioner's failure to comply with state procedures "was the exclusive basis for the state court's holding." Maes, 46 F.3d at 985. The Court also finds that the bar imposed by the OCCA is based on state law grounds adequate to preclude federal review.

As a result of the procedural bar, this Court may not consider these claims unless Petitioner is able to show "cause and prejudice" for the default, or demonstrate that a fundamental miscarriage of justice would result if his claims are not considered. See Coleman, 510 U.S. at 750; Demarest v. Price, 130 F.3d 922, 941042 (10th Cir. 1997). The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

**1.** *Ineffective assistance of appellate counsel as cause*

In this case, Petitioner asserts that his failure to raise the defaulted claims on direct appeal is attributable to ineffective assistance of appellate counsel. It is well established that in certain

20

circumstances, counsel's ineffectiveness can constitute "cause" sufficient to excuse a state prisoner's procedural default, <u>Carrier</u>, 477 U.S. at 488-89. However, the assistance provided by appellate counsel must rise to the level of a constitutional violation. <u>Id.</u> Furthermore, the ineffective assistance of appellate counsel claim must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default. <u>Id.</u> at 489.

Petitioner did in fact present his ineffective assistance of appellate counsel claim as an independent claim to the state courts of Oklahoma. <u>See</u> Proposition One in "Application for Post-Conviction Relief," Dkt. # 33, Ex. K. The District Court rejected Petitioner's claim on the merits by finding that his counsel "ably represented the Defendant well above the ineffective assistance of counsel standard." (Dkt. # 33, Ex. L). As noted in Section C above, the OCCA did not address Petitioner's ineffective assistance of counsel claim on the merits, finding the issue procedurally barred. Because Petitioner has satisfied the requirement that his ineffective assistance of appellate counsel claim be presented to the state courts as an independent claim before it may be used to establish cause for the procedural default, this Court will examine the merits of the omitted claims. <u>See</u> <u>Cargle v. Mullin</u>, 317 F.3d 1196, 1202 (10th Cir. 2004) (quoting <u>Neill v. Gibson</u>, 278 F.3d 1044, 1057 (10th Cir. 2001)).

*a.  Claim 5 - Jury instructions and verdict forms*

Petitioner complains that the trial court failed to instruct the jury during second stage proceedings that they could find that he had one, two or no prior convictions. He asserts that the jury was confused by the instructions and verdict forms and that their first attempt to sentence him to

thirty (30) years, rather than life without parole,[5] evidences their confusion. Instruction No. 26, given to Petitioner's jury during punishment proceedings, stated:

RETURN OF VERDICT -- PRIOR CONVICTIONS STIPULATED (SECOND STAGE)

By your verdict in the first part of this trial you have already found the defendant guilty of the crime of Trafficking Marijuana. You must now determine the proper punishment.

The punishment for Trafficking Marijuana after no prior felony convictions is imprisonment in the State penitentiary for a term of not less than four (4) years and not to exceed life and a fine of $25,000.00 to $100,000.00. The punishment for Trafficking Marijuana after one (1) prior felony conviction is imprisonment in the State penitentiary for a term of not less than six (6) years and not to exceed life and a fine of $25,000.00 to $100,000.00. The punishment for Trafficking Marijuana after two (2) or more previous felony convictions is imprisonment in the State penitentiary for a term of life without the possibility of parole and a fine of $25,000.00 to $1000,000.00. When you have decided on the proper punishment, you should fill in the appropriate space on the verdict form and return the verdict to the Court.

(Dkt. # 33, Ex. P). The instruction gave the jury sentencing options available under state law. The Court finds no reasonable probability that the outcome of Petitioner's appeal would have been different had appellate counsel raised this claim. Neill v. Gibson, 278 F.3d 1044 (10th Cir. 2001). Therefore, Petitioner's appellate counsel was not ineffective.

   b.  Claim 9 - Double Jeopardy

Petitioner claims that his payment of the towing and storage fees for return of his property which was improperly seized "constituted punishment for double jeopardy prohibition." (Dkt. # 3 at 44-50). Petitioner admits that he paid the towing and storage fees to avoid revocation of his bond. Id. The payment was unrelated to the punishment he might face upon conviction. The Court finds

---

[5] Despite Petitioner's argument that the jury first attempted to sentence him to only 30 years, the verdict forms provided this Court for review indicate that they initially fixed punishment at "30 years plus one day without the possibility of parole and $25,000 fine." See Dkt. # 33, Exs. Q, S.

no probability that had appellate counsel raised this claim the results of Petitioner's direct appeal would have been different. Neill v. Gibson, 278 F.3d 1044 (10th Cir. 2001). Appellate counsel's performance was not deficient and he was not ineffective for failing to raise this issue on direct appeal. Strickland v. Washington, 466 U.S. 668 (1984).

> c.  *Claims 10-15 - AFC issues*

All of Petitioner's claims in grounds 10-15 relate to the use of prior convictions to enhance the punishment he received in Ottawa County Case No. CF-96-265. Petitioner asserts that the attorney who represented him in CRF-86-43 and CRF-86-86 was ineffective and had a conflict of interest, that Petitioner's guilty pleas in those cases were involuntary and unknowing, that the State failed to uphold its part of a plea bargain and unlawfully elicited guilty pleas, and that the use of CRF-82-16 to enhance was invalid as the earlier conviction had been expunged. These claims were not raised on direct appeal and Petitioner now asserts his appellate counsel was ineffective for not raising the issues. The Court does not agree. As noted above, Respondent has provided the plea hearing transcripts from Case Nos. CRF-86-43 and CRF-86-86. See Dkt. # 33, Ex. C. The transcript reflects that, contrary to Petitioner's argument, his guilty pleas in those cases were knowingly and voluntarily entered. Furthermore, even if the conviction in CF-82-16 had been expunged as asserted by Petitioner, the two convictions from CRF-86-43 and CRF-86-86 were available for enhancement purposes. Petitioner's appellate counsel was not ineffective for failing to raise the AFC issues on direct appeal.

Even if these claims were not procedurally barred, Petitioner would not be entitled to relief. Federal habeas corpus relief is not available when a prisoner challenges a current sentence on the ground that it was enhanced based on an allegedly unconstitutional prior conviction for which a

23

petitioner is no longer in custody. <u>Lackawanna County District Attorney v. Coss</u>, 532 U.S. 394, 398 (2001). In <u>Lackawanna</u>, a state prisoner contended that an earlier conviction used to enhance his state court sentence was the product of ineffective assistance of counsel. As in <u>Lackawanna</u>, Petitioner's sentence in the conviction he challenges was adversely affected by prior convictions for which he is no longer in custody. Although 28 U.S.C. §2254 provides federal habeas review of state criminal proceedings for compliance with federal constitutional mandates, the proceedings "are not available indefinitely and without limitation." <u>Id.</u> at 403 (quoting <u>Daniels v. United States</u>, 532 U.S. 374, 381 (2001)). "[O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." <u>Id.</u> at 403-04 (internal citation omitted).

## 2. *Fundamental miscarriage of justice exception*

Petitioner's only other means of gaining federal habeas review of his defaulted claims is a claim of actual innocence under the fundamental miscarriage of justice exception. <u>Herrera v. Collins</u>, 506 U.S. 390, 403-404 (1993); <u>Sawyer v. Whitley</u>, 505 U.S. 333, 339-341 (1992); <u>see also</u> <u>Schlup v. Delo</u>, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence. <u>Beavers v. Saffle</u>, 216 F.3d 918, 923 (10th Cir. 2000) (citing <u>Herrera</u>, 506 U.S. at 404). Under <u>Schlup</u>, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error

24

. . . ." Id. at 316.  Petitioner has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. Petitioner does assert that he is actually innocent of the crimes for which he was convicted.  However, he has presented no new evidence in support of his claim. As a result, the Court finds the fundamental miscarriage of justice exception is inapplicable in this case.

The Court concludes that Petitioner's claims 5 and 9-15 shall be denied as procedurally barred.

## CONCLUSION

After carefully reviewing the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus should be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that** Petitioner's petition for writ of habeas corpus (Dkt. # 1) is **denied**.

**IT IS SO ORDERED** this 3rd day of October 2005.

James H. Payne
United States District Judge
Northern District of Oklahoma

25