IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RICHARD LYNN DOPP, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 02-CV-616-JHP-PJC |
| | ) | |
| RON WARD, Director, Oklahoma Department of Corrections, | ) ) | |
| | ) | |
| Respondent. | ) | |

## **ORDER**

On November 2, 2005, Petitioner, represented in this matter by counsel, filed a Notice of Appeal (Dkt. # 46) and a motion for certificate of appealability (Dkt. # 47). Petitioner indicates he appeals from the Court's Order, filed October 3, 2005 (Dkt. # 44), denying his petition for writ of habeas corpus. Judgment (Dkt. # 45) was entered in favor of Respondent on October 3, 2005.

As an initial matter, a review of the record reveals that Petitioner paid the $5.00 filing fee to commence this habeas corpus action. Therefore, before this appeal may proceed, Petitioner must either pay in full the $255.00 appellate filing fee or file a motion for leave to proceed on appeal *in forma pauperis*. Petitioner shall cure this deficiency within thirty (30) days of the entry of this Order.

Pursuant to 28 U.S.C. § 2253, as amended by § 102 of the Antiterrorism and Effective Death Penalty Act of 1996, a petitioner is required to obtain a certificate of appealability before appealing a final order in a habeas corpus proceeding. Section 2253(c) instructs that the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further

proceedings.  Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).  The Court has reviewed the October 3, 2005, Order in light of the arguments asserted in Petitioner's motion for a certificate of appealability.  However, the Court concludes that a certificate of appealability should not issue as petitioner's eligibility for habeas relief would not be debatable by reasonable jurists.  Nothing suggests that the Tenth Circuit would find that this Court's application of the deference to the decision by the Oklahoma court required by the AEDPA was debatable amongst jurists of reason.  See Dockins v. Hines, 374 F.3d 935 (10th Cir. 2004).  Petitioner's motion for a certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Within thirty (30) days of the entry of this Order, or by December 7, 2005, Petitioner must either pay in full the $255.00 filing fee or submit a motion for leave to proceed on appeal *in forma pauperis*.

2. The Clerk is directed to send Petitioner a blank motion to proceed on appeal *in forma pauperis* (form ifp-hc.app), identified as Case No. 02-CV-616-JHP.

3. Petitioner's motion for a certificate of appealability (Dkt. # 47) is **denied**.

4. The Clerk is directed to send a copy of this Order to the Tenth Circuit Court of Appeals.

SO ORDERED THIS 7th day of November 2005.

James H. Payne
United States District Judge
Northern District of Oklahoma